

FILED
APR 28 2016
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| UNITED STATES OF AMERICA ) <br> ) <br> v.                                  ) <br> ) <br> ROGER JEROME FISHER,         ) <br> ) <br> Defendant.                     ) <br> ) | Criminal Case No. 16-0060 (RCL) |

## MEMORANDUM OF FINDINGS OF FACT AND STATEMENT OF REASONS IN SUPPORT OF ORDER OF DETENTION

Defendant is charged by indictment with bank robbery, in violation of Title 18, United States Code, Section 2113(a). The Court conducted a detention hearing on April 25, 2016. Upon consideration of the proffers and arguments of counsel, and the entire record herein, the Court ordered defendant to be held without bond pursuant to 18 U.S.C. § 3142(e). The findings of fact and statement of reasons in support of the Order of Detention follow.

**I.    Relevant Legal Standards**

The Bail Reform Act of 1984, 18 U.S.C. § 3141, *et seq.*, provides in pertinent part, that if a judicial officer finds by clear and convincing evidence that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community, such judicial officer shall order the detention of the person before trial." 18 U.S.C. § 3141(e). Importantly, only one of these conditions must be shown, meaning that "if a defendant poses a danger to society, the Court has a sufficient basis upon which to order pretrial detention." *United States v. Henry*, 935 F. Supp. 24, 25 (D.D.C. 1996).

In determining whether there are conditions of release that will both reasonably assure a defendant's required appearance and preserve the safety of the community, the Court must consider the available information concerning: (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a minor victim or a controlled substance, firearm, explosive, or destructive device; (2) the weight of the evidence against the person; (3) the history and characteristics of the person; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. 18 U.S.C. § 3142(g).

**II.   Discussion**

Both counsel for the government and counsel for the defendant proceeded by proffer. Counsel for the government proffered that at approximately 10:00 am on October 5th, 2015, defendant entered a PNC Bank at 4100 South Capitol Street in Washington D.C. According to government counsel's proffer, the defendant then presented a demand note to the teller, which read: "all the money now or get shot. Thank you," and pointed to his hip area, which the teller interpreted to mean that the robber was threatening him with a weapon. The teller then handed the robber $2,240, and the robber left the area.

Counsel for the government makes several proffers to tie the defendant to the October 5th robbery. First, the government proffers that an FBI agent, who recovered a bank surveillance video of the incident and interviewed defendant Fisher upon his arrest, is prepared to testify at trial that defendant Fisher is the robber depicted in the surveillance video. Second, the government proffers that an FBI laboratory recovered latent fingerprints on the demand note that match defendant Fisher's fingerprints. Third, the prosecution proffers that after Mr. Fisher was arrested in connection with the robbery and waived his Miranda rights, he admitted to robbing the bank and

provided the correct date of the robbery. Lastly, the government proffers that two witnesses, the bank teller and bank security guard, identified defendant Fisher as the bank robber when presented with a six-person photo array.

In response, the defendant, through his counsel, requested that he be released from custody and kept under GPS monitoring by pretrial services. Defendant argues pretrial detention is inappropriate because he lacks an extensive criminal record, does not have a history of violence, has periodically maintained employment, and should not be deprived of the opportunity to spend time with his family. Moreover, defendant claims that because he voluntarily turned himself in and has successfully completed terms of supervised release in the past, he cannot be seen as a danger to the community.

### III. Legal Analysis and Statement of Reasons

Upon consideration of the factors enumerated in 18 U.S.C. § 3142(g), the Court finds by clear and convincing evidence that in the present case no condition of defendant Fisher's release or combination of conditions would reasonably assure the safety of the community.

In giving proper weight to the nature and circumstances of the offense charged, *see* § 3142(g)(1), the Court must take into account whether the offense is a crime of violence or involves a firearm. In this case, the defendant is charged with committing robbery, an offense characterized as a crime of violence. *See* 18 U.S.C. § 16. Moreover, the demand note stated that the bank teller would "get shot" if he did not follow the robber's instructions, constituting the threatened use of a firearm. This first factor, therefore, contributes to the Court's central finding that no condition of defendant Fisher's release would reasonably assure the safety of the community.

Looking to the second factor, the Court finds that the weight of the evidence against defendant Fisher is exceptionally strong and heavily favors pretrial detention. An FBI agent is

prepared to testify that a bank surveillance video ties the defendant to the robbery; two witnesses have identified defendant as the robber when presented with a photo array; and defendant's finger prints were found on the demand note. Moreover, defendant confessed to the robbery after he was taken into custody.

Third, defendant's history and characteristics neither heavily favors nor weighs against pretrial detention. Although defendant does not have a long criminal history, he was convicted of committing an offense during supervised release and has a domestic violence simple assault conviction on his record. In response, defendant highlights that the conviction occurring during release was for simple marijuana possession and that the domestic violence conviction related to spanking. Further, defendant emphasizes that in the past, he successfully completed terms of Court supervision. The Court finds that even if on a whole, this factor favors pretrial release, it is insufficient to outweigh the other more commanding features of the record.

Lastly, the criminal indictment against defendant Fisher relates to armed robbery, which favors pretrial detention under the statute's fourth and final factor, the danger posed to the community. *See* 18 U.S.C. 3142(g)(4). Defendant allegedly threatened to use a firearm in connection with a bank robbery, strongly suggesting his release would pose a danger to the community, particularly to employees and patrons of banks.

Although the defendant has raised facts and arguments to counter the Court's central finding, they are insufficient to overcome the weight of the government's proffers, even under the more demanding clear and convincing evidentiary standard. It is true that defendant Fisher turned himself in, has periodically maintained employment, and lacks an extensive history of violent criminal activity. These factors however, do not overcome the violent and threatening nature of defendant's alleged bank robbery and the weight of the government's evidence against him.

IV.    Conclusion

On the basis of the foregoing findings of fact and reasons, it is hereby:

**ORDERED** that defendant Fisher will be held without bond pending trial. It is further

**ORDERED** that defendant Fisher will be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. It is further

**ORDERED** that defendant Fisher be afforded a reasonable opportunity for private consultation with counsel. It is further

**ORDERED** that on order of this Court or on request of an attorney for the Government, the person in charge of the corrections facility in which defendant Fisher is confined deliver defendant Fisher to a United States marshal for the purpose of an appearance in connection with a court proceeding.

**IT IS SO ORDERED.**

_____
ROYCE C. LAMBERTH
United States District Judge

Date: 4/27/16